Martha Bowen LANGSCHMIDT,

v.

Carl H. LANGSCHMIDT.

Supreme Court of Tennessee,
at Jackson.

July 9, 2002.

John F. Heflin, III, and Kenneth P. Jones, Memphis, Tennessee, for the Appellant, Martha Bowen Langschmidt.

Kathy Laughter Laizure and Roscoe A. Feild, Memphis, Tennessee, for the Appellee, Carl H. Langschmidt.

## OPINION

FRANK F. DROWOTA, III, C.J., delivered the opinion of the court, in which PANEL [E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER], JJ, joined.

We granted permission to appeal in this divorce case to determine: (1) Whether the Court of Appeals erred in holding that the appreciation of a spouse's separate investment accounts during the marriage is separate property since the appreciation in value was entirely market-driven; (2) whether the Court of Appeals erred in failing to consider whether the commingling of marital earnings with separate property converts the separate property into marital property; (3) whether the increase in value of a spouse's separate Individual Retirement Account ("IRA") during the marriage is automatically marital property under Tenn.Code Ann. § 36-4-121(b)(1)(B) when the IRA is funded entirely with premarital earnings; (4) whether the Court of Appeals erred in holding that the trial court's division of the IRA was equitable; (5) whether the Court of Appeals erred in reversing the trial court's award of attorney's fees; and (6) whether the Court of Appeals erred in failing to remand this case for a determination of rehabilitative alimony. For the following reasons, we hold that the appreciation of a spouse's separate investment accounts remains separate property when the appreciation is entirely market-driven and the other spouse does not substantially contribute to the preservation and appreciation of the accounts. We also hold that the appreciation of a spouse's IRA during the marriage is separate property when funded completely with premarital earnings and absent substantial contribution by the other spouse to the preservation and appreciation of the IRA. Finally, we remand to the trial court to determine whether marital earnings were commingled with separate assets in this case, whether rehabilitative alimony is appropriate now that the above-mentioned assets are deemed separate property, whether an award of attorney's fees is appropriate, and whether the distribution of the remaining marital property is equitable given our decision in this case. Therefore the judgment of the Court of Appeals is affirmed in part and reversed in part, and this case is remanded.

## FACTS AND PROCEDURAL BACKGROUND

The parties in this divorce case, Martha Langschmidt ("Wife") and Carl Langschmidt ("Husband"), were married on September 26, 1992. At the time of the marriage, Husband was sixty-one years old with no children and Wife was forty-four years old with two teenage sons. This was the second marriage for both parties; Wife's ending in divorce in 1990, the same year that Husband's previous wife died.

Serious problems developed in the parties' relationship soon after the marriage. On July 25, 1996, Wife moved out of the marital home. On April 4, 1997, Wife filed

a complaint for divorce on the basis of irreconcilable differences. Husband filed an answer, also claiming irreconcilable differences. Both Husband and Wife later filed pleadings maintaining that the other spouse had engaged in inappropriate marital conduct.

At trial, Wife testified that, prior to the marriage, she worked full-time as a school teacher. However, upon the request of Husband, Wife quit her job and assumed the role of homemaker. Wife testified that prior to their marriage, Husband provided her with a list of his assets, excluding the value of his home, worth a total of 1.2 million dollars, establishing that he could provide for Wife, even though the parties had discussed Husband's reduction in the number of hours he would practice law during the marriage.

Wife's assets at the time of marriage included $67,622.92 equity in her home, $17,804.89 in her Individual Retirement Account ("IRA"), and $10,452.26 in her savings account, for a total of $95,880.07. At trial, Wife testified that she regularly deposited child support checks from her ex-husband into the parties' joint checking account. Wife also established that she performed various duties as a homemaker during the marriage: cooking most of the meals, shopping for the home, scheduling maintenance and repairs to the home, some cleaning and laundry, and handling the payment of household bills. Wife only worked a few hours per month, part-time, at a clothing store during the marriage, and while occasionally depositing that income into the parties' joint account, Wife typically used this income to buy gifts or clothing. During the marriage, Wife's IRA had increased in value from $17,804.89 to a value of $24,669.00, for a total appreciation of $6,864.11. At the time of trial, Wife was working full-time as a schoolteacher, earning between $24,000.00 and $25,000.00 per year.

At trial, Husband admitted that, prior to their marriage, he provided Wife with a list of his assets, valued at 1.2 million dollars, excluding the value of his home. Husband stated that these assets represented his savings and investments during many years of practicing law prior to the marriage. Husband testified that during the marriage he had arranged to scale back his hours at his law firm, while still drawing Social Security benefits. Husband deposited $1,750 of his earnings into the parties' joint checking account every two weeks so Wife could pay for marital expenses. The Husband's quarterly firm distributions were typically deposited into his separate checking account or money market account, although Husband testified that these earnings were used for marital expenses since the parties' spending often exceeded his monthly income. The record also revealed that Husband contributed $30,327.30 in marital income and $36,974.00 of separate funds into his employer-sponsored 401(k) retirement plan, which he subsequently rolled-over into his Raymond James IRA after the parties' separation.

Proof at trial established that the Husband's assets could be classified into two categories: IRA and non-IRA assets. During the marriage, Husband's Raymond James IRA increased in value from $381,232.00 to $833,019.00 (including the 401(k) rollover), for a total appreciation of $451,787.00. The Husband's JC Bradford & Co. IRA rose in value from $39,383.00 to $114,382.00, appreciating in value by $74,999.00. Husband did not make any contributions to these IRAs during the marriage. Husband's non-IRA assets, which included his money market account, a CD, bonds, separate bank accounts and various stocks, grew in value from a total

of $812,626.00 to $984,254.00, representing an appreciation in value of $171,628.00.

The trial court found the issue of fault against the Husband and awarded the Wife an absolute divorce. In rejecting the Husband's contention that appreciation of his separate IRAs during the marriage was his separate property, the trial court held that, according to the language of Tenn.Code Ann. § 36–4–121(b)(1)(B), any appreciation in value of the parties' IRAs during the marriage was marital property subject to equitable division. The trial court awarded the Wife $259,945.50, representing half of the appreciation of Husband's Raymond James and JC Bradford & Co. IRAs, minus a credit of one-half of the $6,895.00 appreciation of the Wife's IRA. The trial court also held that the $171,628.00 appreciation in value of Husband's non-IRA assets was marital property. Finding the appreciation of the non-IRA assets to be completely market-driven, the trial court reasoned that the "non-monetary" contributions of Wife to the marriage as a homemaker equaled Husband's contribution to the appreciation of these assets, and therefore the appreciation of the Husband's non-IRA property was marital property subject to equitable division. Therefore, the trial court awarded $85,814.00 to Wife, representing one-half of the value of appreciation of the Husband's non-IRA assets during the marriage. The trial court also held that, since the marriage was of relatively short duration and the monetary award was best handled by an equal distribution of marital property, periodic alimony was not appropriate in this case. Finally, on the issue of awarding attorney's fees to the Wife, the trial court found that, since Husband was found at fault, the Husband was in a better financial position than Wife to pay the fees, and since the husband's position regarding his IRA assets contributed to the fees generated in this case, Wife was enti-

tled to an award of $24,774.06, representing two-thirds (2/3) of her attorney's fees minus a credit for $6,700.00 in unusual withdrawals from the joint checking account made by Wife after the parties' separation.

On appeal, the Court of Appeals reversed the trial court's determination that the appreciation of the Husband's non-IRA assets was marital property, finding that Wife did not substantially contribute to the preservation and appreciation of those assets as required by Tenn.Code Ann. § 36–4–121(b)(1)(B) (1996). A majority of the Court of Appeals affirmed the trial court's division of the appreciation of the Husband's separate IRAs. The Court of Appeals reasoned that Tenn.Code Ann § 36–4–121(b)(1)(B) provides that appreciation in a retirement benefit is marital property subject to the trial court's equitable division and Husband's IRA is a retirement benefit within the meaning of that statute. The majority also held that the equal distribution of the IRAs' appreciation in value was equitable. Dissenting in part, Judge W. Frank Crawford opined that Husband's IRAs should be treated the same as his non-IRA assets because they were entirely funded with premarital earnings. Finally, the Court of Appeals reversed the trial court's award of attorney fees to the Wife, concluding that the equitable division of the marital assets was sufficient to satisfy her attorney's fees, and that the trial court improperly considered the Husband's litigation strategy when making the award. For the following reasons, we affirm in part, reverse in part, and remand to the trial court.

## STANDARD OF REVIEW

The trial court's findings regarding questions of fact are presumed to be correct unless the evidence preponderates otherwise. Tenn. R.App. P. 13(d). Ques-

tions of law, however, are reviewed *de novo* with no presumption of correctness. *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn.1993). Mixed questions of law and fact are reviewed *de novo* with no presumption of correctness, "but ... this Court has great latitude to determine whether findings as to mixed questions of fact and law made by the trial court are sustained by probative evidence on appeal." *Aaron v. Aaron,* 909 S.W.2d 408, 410 (Tenn.1995).

## ANALYSIS

### A. *Appreciation of Husband's Non–IRA Assets:*

 We begin our review with Wife's assertion that the Court of Appeals erred in holding that the appreciation of Husband's non-IRA assets was not marital property. Our analysis of this issue necessarily begins with Tenn.Code Ann. § 36–4–121(b) which provides in relevant part as follows:

(1)(A) "Marital property" means all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing and owned by either or both spouses as of the date of filing of a complaint for divorce ... and including any property to which a right was acquired up to the date of the final divorce hearing, and valued as of a date as near as reasonably possible to the final divorce hearing date.

(B) "Marital property" includes income from, and any increase in value during the marriage of, property determined to be separate property in accordance with subdivision (b)(2) if each party substantially contributed to its preservation and appreciation and the value of vested pension, retirement or other fringe benefit rights accrued during the period of the marriage.

(C) As used in this subsection, "substantial contribution" may include, but not be limited to, "the direct or indirect contribution of a spouse as a homemaker, wage earner, parent or family financial manager, together with such other factors as the court having jurisdiction thereof may determine."

Tenn.Code Ann. § 36–4–121(b)(1)(A)–(C) (1996).

In contrast, "separate property" is defined as:

(A) All real and personal property owned by a spouse before marriage;

(B) Property acquired in exchange for property acquired before the marriage;

(C) Income from and appreciation of property owned by a spouse before marriage except when characterized as marital property under subdivision (b)(1); and

(D) Property acquired by a spouse at any time by gift, bequest, devise, or descent.

Tenn.Code Ann. § 36–4–121(b)(2)(A)–(D) (1996).

Wife contends that the Court of Appeals erred in holding that the appreciation in Husband's non-IRA assets is separate property because, in her role as homemaker during the marriage, she substantially contributed to the preservation and appreciation of the Husband's non-IRA property. In support of this argument, Wife relies upon Tenn.Code Ann. § 36–4–121(b)(1)(C) (1996) which provides that " 'substantial contribution' may include ... the direct or indirect contribution of a spouse as a homemaker." Husband responds that the Court of Appeals decision on this issue is correct because the trial court made a factual determination that

the appreciation of these assets was completely market-driven, and, therefore, Wife's contributions as homemaker did not substantially contribute to the preservation *and* appreciation of these assets. We agree.

In *Harrison v. Harrison*, this Court held that Tenn.Code Ann. § 36–4–121(b)(1)(b) "does not permit the conclusion that *any* increase in value [of separate property] during marriage constitutes marital property. The increase in value constitutes marital property only when the spouse has substantially contributed to its preservation and appreciation." 912 S.W.2d 124, 127 (Tenn.1995)(emphasis added). In *Harrison*, the Wife argued that the appreciation of the Husband's undivided one-half interest in real property was marital property because she substantially contributed to its preservation and appreciation. During the marriage, the value of the real property in question appreciated in value from $7,000 to $1,361,750. The parties agreed, and the record revealed, that the sole cause in the property's significant appreciation in value was the construction of an interstate highway across the property. Although Wife established that she assisted in the care of cattle on the property and that payments on an indebtedness secured by a deed of trust on the property were made from marital funds, this Court held that the evidence did not reveal that Wife *substantially contributed* to the preservation and appreciation of the real property, and, therefore, the appreciation of Husband's undivided one-half interest was his separate property.

In the case at hand, the trial court found that the Wife made contributions to the marriage in her role as homemaker. The trial court also held that the appreciation of the Husband's non-IRA assets was entirely market-driven. Based on these findings, the trial court reasoned that "the non-monetary contribution of Mrs. Langschmidt in this case equals the contribution of Mr. Langschmidt to the appreciation of the subject property." We do not agree with the trial court's conclusion.

As we stated in *Harrison*, the appreciation of Husband's separate property during the marriage may be classified as martial property only if Wife substantially contributed to its preservation *and* appreciation. 912 S.W.2d at 127. Although it is clear in this case that Wife contributed to the marriage as a homemaker, there is no evidence that she substantially contributed to the preservation and appreciation of Husband's non-IRA accounts. To the contrary, it is evident that appreciation in the value of these assets was entirely market-driven. Further, although it is certainly clear that Tennessee courts recognize a homemaker's contribution when making a determination of marital property, *see* Tenn. Ct.App. § 36–4–121(b)(1)(C); *Gragg v. Gragg*, 12 S.W.3d 412, 415 (Tenn.2000), in the spirit of *Harrison*, we require that some link between the marital efforts of a spouse and the appreciation of the separate property must be established before the separate property's appreciation is considered marital property. For example, appreciation in value of the marital residence (titled separately in the name of one spouse prior to and during the marriage) is marital property once it is shown that the other spouse substantially contributed to the home's preservation and appreciation as a result of efforts made as a homemaker or payment of the mortgage from a joint marital checking account, or other such contributions. Such a result, however, would not be the case if a spouse's separately-owned rental property in another state appreciated in value during the marriage absent a showing that the other spouse substantially contributed to the investment property's preservation

and appreciation in value during the marriage. *See Cohen v. Cohen,* 937 S.W.2d 823 (Tenn.1996)(holding that the increase in equity of husband's separate property was marital property when payments on the mortgage were made from the parties' joint checking account funded by both parties' salaries). Because the appreciation of Husband's non-IRA assets was entirely market driven, and because we find no evidence that Wife substantially contributed to the preservation and appreciation of these assets, we affirm the decision of the Court of Appeals, holding that the appreciation of Husband's non-IRA assets are his separate property.

### B. *Commingling of Non–IRA Assets*

The trial court found that the entire appreciation in the Husband's non-IRA assets was marital property, and therefore did not rule on the issue of commingling. Wife again raised this issue before the Court of Appeals, and we assume that, in concluding that the appreciation in Husband's non-IRA assets was separate property, the Court of Appeals rejected Wife's argument that Husband commingled his marital earnings with his separate non-IRA investment accounts. Wife urges this Court to reverse the Court of Appeals's implicit holding and find that the non-IRA assets are marital property as a result of commingling.

In addition to the provisions of Tenn. Code Ann. § 36–4–121(b)(1)(b), courts in Tennessee have recognized two methods by which separate property may be converted into marital property: commingling and transmutation. Although this Court previously has not addressed commingling and transmutation, several opinions of the Court of Appeals have explained the concepts as follows:

[S]eparate property becomes marital property [by commingling] if inextrica-bly mingled with marital property or with the separate property of the other spouse. If the separate property continues to be segregated or can be traced into its product, commingling does not occur. . . . [Transmutation] occurs when separate property is treated in such a way as to give evidence of an intention that it become marital property. . . . The rationale underlying these doctrines is that dealing with property in these ways creates a rebuttable presumption of a gift to the marital estate. This presumption is based also upon the provision in many marital property statutes that property acquired during the marriage is presumed to be marital. The presumption can be rebutted by evidence of circumstances or communications clearly indicating an intent that the property remain separate.

2 Homer H. Clark, *The Law of Domestic Relations in the United States* § 16.2 at 185 (2d ed.1987); *Lewis v. Frances,* No. M1998–00946–COA–R3–CV, 2001 WL 219662, at *8, 2001 Tenn.App. LEXIS 140, at *24–25 (Tenn.Ct.App. March 7, 2001), *perm. app. denied* (Tenn. Oct. 8, 2001); *Sartain v. Sartain,* 03A01–9707–CH–00297, 1998 WL 751462, at *4, 1998 Tenn. App. LEXIS 722, at *9 (Tenn.Ct.App. Oct. 29, 1998); *Hofer v. Hofer,* No. 02A01–9510–CH–00210, 1997 WL 39503, at *3–4, 1997 Tenn.App. LEXIS 74, at *8 (Tenn.Ct. App. February 3, 1997); *Pope v. Pope,* No. 88–58–II, 1988 WL 74615, at *3, 1988 Tenn.App. LEXIS 449, at *7–8 (Tenn.Ct. App. July 20, 1988).

In arguing that the defendant's non-IRA property should be classified as marital property because these assets were commingled with marital funds, the plaintiff relies on the unpublished case of *Hofer v. Hofer,* No. 02A01–9510–CH–00210, 1997 WL 39503, at *3, 1997 Tenn.App. LEXIS 74, at *1 (Tenn.Ct.App. February 3, 1997).

The court in *Hofer* applied the above definition of commingling and found that the Husband's separate investment accounts became marital property because he deposited $200,000 of his marital income into these investment accounts and withdrew nearly $180,000 from these accounts for the benefit of both spouses. Wife argues that the facts of this case are indistinguishable from *Hofer*.

The record in this case reveals that during the parties' marriage, the defendant made three deposits of earnings distributions from his employment into his separate NBC Bank money market account. At trial, Husband testified that soon after each of these deposits were made, amounts equivalent to these deposits were transferred from his money market account into the joint marital checking account or were withdrawn and used to pay marital debts. The record establishes Husband's earnings were generally deposited in the joint checking account, from which Wife would pay marital bills and expenses. Both parties testified that their monthly expenses often exceeded Husband's monthly income. On such occasions, Husband would use his separate assets to cover the shortage. Although Husband testified that after these three deposits were made, funds were transferred out of his money market account to pay marital expenses, the record fails to clearly substantiate this claim. The withdrawals from the money market accounts soon after these three deposits were made indicate they were for multiple purposes, and do not clearly indicate that Husband transferred funds immediately from the money market account to the parties' joint checking account. On remand, we direct the trial court to consider the issue of Husband's commingling of earnings from his law firm with his separate money market account and determine whether his marital earnings became *inextricably mingled* with the remaining funds in the money market account. The situation in this case is different from the typical commingling situation where a spouse is accused of commingling separate funds in a joint checking account and using separate funds for a marital purpose, thus converting those funds to marital property. However, if the trial court finds that Husband commingled his marital income with his separate account, then the entire value of the money market account is marital property and any appreciation from transactions made with money market account after the first deposit of marital earnings would also be marital property.[1] If, however, the trial court finds that Husband did not commingle his marital earnings with his money market funds, then the money market account and any purchases of assets from money market funds are Husband's separate property.

## C. Husband's IRA Assets and 401(k) Rollover

Husband contends that the trial court and the Court of Appeals erred in finding that the increase in value of his IRA assets was marital property. Husband urges this Court to hold that his IRAs are not marital property by definition under Tenn.Code Ann. § 36–4–121(b)(1)(B) (1996) because his IRAs are not "vested pension, retirement or other fringe benefit rights." Husband argues that, since his IRAs were funded with premarital earnings (with the exception of the value of his 401(k) rollover), these IRAs should be treated more like separate savings accounts existing before the marriage and therefore be consid-

1. We are aware that, during the marriage, Husband's money market account depreciated in value. However, this depreciation is partly the result of purchases of other property by Husband.

ered separate property. Wife responds that, by definition, IRAs are retirement benefits, and as such, the increase in value of Husband's IRAs during the marriage represents accrued retirement benefits and, therefore, is marital property under § 36–4–121(b)(1)(B). If, however, this Court concludes that the increase in value of Husband's IRAs are not accrued retirement benefits during the marriage under the statute, then Wife argues that she substantially contributed to the preservation and appreciation of Husband's IRAs, thereby making any appreciation in the value of these assets marital property.

 We begin our analysis of this issue by reviewing prior decisions of this Court interpreting Tenn.Code Ann. § 36–4–121(b)(1)(B).[2] Retirement benefits accrued during the marriage clearly are marital property under Tennessee law. *See* Tenn.Code Ann. § 36–4–121(b)(1)(B); *Gragg v. Gragg*, 12 S.W.3d 412 (Tenn. 2000); *Cohen v. Cohen*, 937 S.W.2d 823 (Tenn.1996). While the issue of whether a premarital IRA is a retirement benefit under Tenn.Code Ann. § 36–4–121(b)(1)(B) is one of first impression before this Court, several unreported opinions of the Court of Appeals have held that appreciation of separate IRA assets during the marriage is marital property because IRAs are retirement benefits by definition. *McKee v. McKee*, No. M1997–00204–COA–R3–CV, 2000 WL 666363, at *5, 2000 Tenn.App. LEXIS 328, at *15–16 (Tenn.Ct.App. May 23, 2000)(holding that appreciation in IRA funded with premarital assets is marital property); *Mahler v. Mahler*, No. 01A01–9507–CH–00303, 1997 WL 187130, at *2, 1997 Tenn.App. LEXIS 261, at *11 (Tenn. Ct.App. April 18, 1997); *Mayfield v. May-*

*field*, No. 10A01–9611–CV–00501, 1997 WL 210826, at *4–5, 1998 Tenn.App. LEXIS 304, at *12–13 (Tenn. Ct.App. April 30, 1997).

We find, however, that Husband's premarital IRAs are not retirement benefits under Tenn.Code Ann. § 36–4–121(b)(1)(B). Prior decisions of this Court support this conclusion. In *Cohen*, this Court held that unvested pension benefits accrued during the marriage are marital property, even though the statute only expressly designated accrued "vested" pension benefits to be marital property. In so holding, we noted that

> [t]o the extent earned during the marriage, the benefits represent compensation for marital effort and are substitutes for current earnings which would have increased the marital standard of living or would have been converted into other assets divisible at dissolution.... [R]etirement benefits have been described as part of the consideration earned by an employee, [] and as a form of deferred compensation provided by the employer for work already performed.

*Cohen*, 937 S.W.2d at 828–29 (citations omitted). Unlike the accrual of vested or unvested pension during the marriage, Husband's IRAs in this case do not represent deferred compensation during the marriage, but were funded with premarital assets. In *Gragg*, this Court held that disability benefits do not represent deferred compensation earned during the marriage, but "replace income which is lost before retirement," and therefore, were not marital property absent a showing "that a portion of a spouse's 'disability benefits' is actually representative of re-

---

**2.** Tenn.Code Ann. § 36–4–121(b)(2)(A) was recently amended by the Legislature to include as separate property, "assets held in individual retirement accounts (IRA's) [sic] as that term is defined in the Internal Revenue Code of 1986, as amended[,]" owned by a spouse before marriage. 2002 Tenn. Pub. Acts. 651.

tirement benefits." *Gragg*, 12 S.W.3d at 418. We noted that "[s]ince the future income of each spouse is not classified as marital property, disability benefits which replace future income should not be classified as marital property." *Id.* Similarly, assets owned by a spouse before marriage are not marital property. *See* Tenn.Code Ann. § 36–4–121(b)(2)(a). Since Husband's IRAs do not represent deferred marital compensation, but were funded with premarital earnings (except for the value of the 401(k) rollover), we conclude that Husband's premarital IRAs are not retirement benefits under Tenn.Code Ann. § 36–4–121(b)(1)(B).

■ Having concluded that Husband's IRAs are not retirement benefits, we must now consider whether these IRAs are the Husband's separate property. With exception of the 401(k) assets in this case, because it was established that the Husband owned these IRAs before the marriage, they are the Husband's separate property under Tenn.Code Ann. § 36–4–121(b)(2)(A). Appreciation in value of the IRAs during the marriage may be classified as marital property, however, if both parties "substantially contributed to [the IRAs'] preservation and appreciation." Tenn.Code Ann. § 36–4–121(b)(1)(B), 121(b)(2)(C). Although the trial court found the appreciation of the non-IRA assets to be entirely market-driven, no such finding was made with regard to the IRA assets. Once again, while the trial court found that Wife contributed to the marriage as a whole, the evidence does not support Wife's contention that she substantially contributed to the preservation and appreciation of the Husband's IRA assets. Therefore, because Husband's IRAs in this case are not retirement benefits under § 36–4–121(b)(1)(B), and because the record does not establish that Wife substantially contributed to the preservation and appreciation of Husband's

separate IRA assets, we conclude that these IRA assets, including their appreciation during the marriage, are Husband's separate property under sections 36–4–121(b)(2)(A) and 36–4–121(b)(1)(B).

Nonetheless, Husband concedes that the value of a rollover from his employer's 401(k) plan into his Raymond James IRA made soon after the parties' separation is marital property, as it consists of tax-deferred contributions from earnings during the marriage. The record reveals that Husband contributed $67,301.30 to his law firm's retirement account during the marriage. We remand to the trial court to determine the value of the Husband's 401(k) assets at the time of the divorce. The trial court is to consider the $67,301.30 in marital contributions to the 401(k) plan as well as its continued appreciation after the roll-over into his Raymond James IRA.

### D. Equitable Distribution of Marital Assets, Rehabilitative Alimony and Attorney's Fees Award

As a result of our holding that neither the appreciation on the non-IRA assets nor the IRA assets are marital property, it is necessary to remand this case to the trial court to determine whether the division of marital property is equitable in light of Tenn.Code Ann. § 36–4–121(c). In addition, because the trial court considered its sizeable distribution of marital assets in determining that rehabilitative alimony was not appropriate in this case, the trial court should consider on remand whether rehabilitative alimony is proper in light of the factors listed in Tenn.Code Ann. § 36–5–101(d)(1). Our decision to remand, however, should not be read as expressing an opinion as to whether Wife is entitled to rehabilitative alimony in this case.

■ The factors listed in section 36–5–101(d)(1) are also to be considered in the

trial court's award of attorney's fees. Such an award is within the wide discretion of the trial court, and will not be disturbed unless there is clear evidence that the trial court has abused its discretion. *Fox v. Fox,* 657 S.W.2d 747, 749 (Tenn.1983); *Aaron v. Aaron,* 909 S.W.2d 408, 411 (Tenn.1995). The award of attorney's fees "is conditioned upon a lack of resources to prosecute or defend a suit in good faith.... If a spouse does not have separate property of her own which is adequate to defray the expenses of the suit, certainly she should not be denied access to the courts because she is unable to procure counsel." *Fox,* 657 S.W.2d at 749. The Court of Appeals reversed the trial court's award of attorney's fees to the wife, holding that the award of one-half of the appreciation of the husband's IRA assets provided Wife with assets sufficient to pay for her legal costs. Further, the Court of Appeals held that the trial court improperly considered the husband's zealous argument that his IRA assets were not marital property in determining an award of attorney's fees to the wife. Because we reverse the Court of Appeals' decision with respect to the IRA assets (excluding Husband's 401(k) rollover), and because we agree that the trial court improperly considered Husband's position with respect to his IRAs, we hereby remand to the trial court for determination of whether an award of attorney's fees to Wife is appropriate.

### CONCLUSION

We affirm that part of the decision of the Court of Appeals holding that the appreciation of Husband's separate non-IRA assets is separate property not subject to equitable distribution. We reverse that part of the decision of the Court of Appeals holding that Husband's IRA is marital property. We conclude that when an IRA is funded entirely with separate pre-marital earnings, the IRA is separate property. Appreciation on this separate property is subject to equitable distribution only if the other spouse "substantially contributes" to the preservation and appreciation of the IRA in accordance with Tenn.Code Ann. § 36–4–121(b)(1)(B). The judgment of the Court of Appeals therefore is affirmed in part and reversed in part. This case is remanded to the trial court to determine (1) whether the husband commingled his marital earnings with his separate money market account, thus converting a portion of his separate property into marital property; (2) the value and appreciation of Husband's 401(k) rollover into the Raymond James IRA; (3) the equitable division of marital property; (4) the appropriateness of rehabilitative alimony; and (5) the propriety of an award of attorney's fees. Costs on appeal are taxed to Wife.