# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
August 19, 2002 Session

## JOSEPH D. BOLINGER v. SHARON ANN PIERCE BOLINGER

**Appeal from the Circuit Court for Campbell County**
No. 11734     Conrad Troutman, Jr., Judge

**FILED NOVEMBER 22, 2002**

**No. E2002-00103-COA-R3-CV**

---

In this divorce case, the sole issue for our review is whether the Trial Court properly classified three IRAs held by Joseph D. Bolinger ("Husband") as partially marital and partially separate assets. Applying the analysis set forth by the Supreme Court in the case of *Langschmidt v. Langschmidt,* 81 S.W.3d 741 (Tenn. 2002), we hold that the IRAs, which were funded with premarital assets, should be classified as Husband's separate property. We therefore vacate the Trial Court's judgment that the IRAs are partially marital assets and remand this case.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated in Part; Cause Remanded**

HOUSTON M. GODDARD, P.J.,, delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

Terry M. Basista, Jacksboro, for the Appellant, Sharon Ann Pierce Bolinger

Johnny V. Dunaway, LaFollette, for the Appellee, Joseph D. Bolinger

## OPINION

The parties were married on March 27, 1990. Husband testified that he has been employed by LaFollette Utilities since July 16 or 17, 1968. His pension plan with his employer had an effective starting date of May 1, 1970. In 1999, Husband participated in a buyout of his pension plan, took the resulting $191,346.42 and deposited it into the three IRAs that are at issue in this appeal. Husband filed for divorce on November 17, 2000.

Due to the stipulations made by the parties, the sole issue at trial was the classification of Husband's IRAs and the equitable distribution of that portion of the IRAs deemed marital property by Trial Court. Husband presented the expert testimony of Van T. Elkins, a Certified Public Accountant. Because Husband had been unable to provide any evidence showing what the value of his pension account was at the time of the marriage, Mr. Elkins testified that he based his analysis

on the following calculations. Mr. Elkins calculated that 10,957 days had elapsed between the effective starting date of his pension and the time of the buyout and rollover to the IRAs. According to Mr. Elkins, of those 10,957 days, the parties were married 3,687 days, or 33.65 percent.

Thus, Mr. Elkins testified, "approximately two-thirds of the days were prior to the marriage and approximately one-third was after they were married." Mr. Elkins multiplied the value of the pension plan at the time of the buyout, $191,346.42, by 33.65 percent, which yielded, according to Mr. Elkins, an amount of $64,387.50.[1] Mr. Elkins stated that this amount was a reasonable estimate of the marital portion of the account at the time of the buyout.

The Trial Court, in its memorandum opinion, found that "[p]laintiff's witness, Van Elkins, a Certified Public Accountant, made a thorough study and evaluated not only [Husband's] retirement account, but other marital investments of both parties. . .and the Court adopts the findings of Mr. Elkins in this regard." On appeal, Sharon Ann Pierce Bolinger ("Wife") presents the issue, as stated in her brief, of whether "the Honorable Trial Court [was] correct in relying upon this expert's testimony in rendering the Court's opinion." Wife attacks Mr. Elkins' testimony on two grounds, arguing that it was (1) unduly speculative, and (2) based on incorrect legal premises.

Subsequent to the Trial Court's decision in this case, the Supreme Court's decision in the case of *Langschmidt v. Langschmidt,* 81 S.W.3d 741 (Tenn. 2002), which we believe is dispositive of this appeal, was released for publication. The *Langschmidt* court held that an IRA account wholly funded with premarital assets is not a "retirement benefit" as defined by T.C.A 36-4-121(b)(1)(B). The court reasoned that

> In *Cohen* [*v. Cohen*, 937 S.W.2d 823 (Tenn.1996)], this Court held that unvested pension benefits accrued during the marriage are marital property, even though the statute only expressly designated accrued "vested" pension benefits to be marital property. In so holding, we noted that
>> [t]o the extent earned during the marriage, the benefits represent compensation for marital effort and are substitutes for current earnings which would have increased the marital standard of living or would have been converted into other assets divisible at dissolution. . .[R]etirement benefits have been described as part of the consideration earned by an employee, [] and as a form of deferred compensation provided by the employer for work already performed.

[1] The correct product of this calculation is $64,388.07, but this minor discrepancy is immaterial in light of our disposition of this case.

*Cohen*, 937 S.W.2d at 828-29 (citations omitted). Unlike the accrual of vested or unvested pension during the marriage, Husband's IRAs in this case do not represent deferred compensation during the marriage, but were funded with premarital assets.

\* \* \*

Since Husband's IRAs do not represent deferred marital compensation, but were funded with premarital earnings,. . .we conclude that Husband's premarital IRAs are not retirement benefits under Tenn. Code Ann. § 36-121-4(b)(1)(B).

*Langschmidt,* 81 S.W.3d 741 at 749, 750.

In the present case, Husband testified as follows:

Q.: Have you made any contribution to this Travelers account [Husband's pension fund account] since you married Sharon Bolinger?

A: No, sir.

\* \* \*

Q.: If the Travelers fund is worth more money today, it's based on accrued interest, not upon any other deposits to it. There have not been any other deposits to it.

A: That is correct.

Based on our review of the record, we find the facts of this case indistinguishable from those in *Langschmidt* and we are bound by its holding.

The *Langschmidt* court continued its analysis as follows:

Having concluded that Husband's IRAs are not retirement benefits, we must now consider whether these IRAs are the Husband's separate property. With exception of the 401(k) assets in this case, because it was established that the Husband owned these IRAs before the marriage, they are the Husband's separate property under Tenn. Code Ann. § 36-4-121(b)(2)(A). Appreciation in value of the IRAs during the marriage may be classified as marital property, however, if both parties "substantially contributed to [the IRAs'] preservation and appreciation." Tenn. Code Ann. § 36-4-121(b)(1)(B), 121(b)(2)(C).

-3-

81 S.W.3d at 750.

In the present case, the Trial Court did not make a finding as to whether the Wife substantially contributed to the preservation and appreciation of the accounts at issue. The *Langschmidt* court offered the following guidance in making that determination:

> In *Harrison v. Harrison*, this Court held that Tenn. Code Ann. § 36-4-121(b)(1)(b) "does not permit the conclusion that *any* increase in value [of separate property] during marriage constitutes marital property. The increase in value constitutes marital property only when the spouse has substantially contributed to its preservation and appreciation." 912 S.W.2d 124, 127 (Tenn. 1995)(emphasis added).
>
> *          *          *
>
> [I]n the spirit of *Harrison*, we require that some link between the marital efforts of a spouse and the appreciation of the separate property must be established before the separate property's appreciation is considered marital property.

*Langschmidt*, 81 S.W.3d at 746. The court found no evidence that the wife substantially contributed to the preservation and appreciation of the husband's separate property where it was "evident that appreciation in the value of these assets was entirely market-driven ." *Langschmidt*, 81 S.W.3d at 746, 750. In the present case, based on Husband's undisputed testimony that there have been no marital deposits to the IRAs, or the pension fund account prior to Husband's rolling it over into the IRAs, we likewise find no evidence that Wife has substantially contributed to the preservation and appreciation of the IRAs.

As did the *Langschmidt* court, we find it necessary to remand this case to the Trial Court for a determination of whether the division of marital property is equitable under T.C.A. 36-4-121(c), in light of our determination that Husband's IRAs are separate property.

For the foregoing reasons the judgment of the Trial Court is vacated in part and the cause remanded for proceedings not inconsistent with this opinion. Costs of appeal are adjudged one-half against Sharon Ann Pierce Bolinger and her surety, and one-half against Joseph D. Bolinger.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE