IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on briefs January 25, 2006

## STATE OF TENNESSEE v. WILLIE R. HARRIS, JR.

**Appeal from the Circuit Court for Coffee County**
**No. 32,827   John W. Rollins, Judge**

---

**No. M2005-00241-CCA-R3-CD - Filed February 21, 2006**

---

A Coffee County jury convicted the Defendant, Willie R. Harris, Jr., of driving under the influence of alcohol ("DUI").  On appeal, he contends that: (1) the evidence is insufficient to sustain his conviction; and (2) the trial court erred when it admitted the results his blood alcohol content test into evidence.  Finding no reversible error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which  JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Robert S. Peters, Winchester, Tennessee, for the Appellant, Willie R. Harris, Jr.

Paul G. Summers, Attorney General and Reporter; David E. Coenen, Assistant Attorney General; C. Michael Layne, District Attorney General; and Brian Clay Johnson, Assistant District Attorney General, for the Appellee, State of Tennessee.

OPINION
I.  Facts

        This case arises from the Defendant's conviction for DUI, third offense.  Pursuant to Tennessee Rule of Appellate Procedure Rule 24(c), the parties have agreed to a statement of the evidence in this case, stating that the following evidence was presented at trial: James Winstat stated that, on the day of the accident, he was following a Coca-Cola delivery truck on Highway 55, and he observed a pick-up truck pull out from the City Limits bar in front of the Coca-Cola truck thereby causing an accident.  Scott Carr, the driver of the Coca-Cola truck, stated that, as he was proceeding on Highway 55, his truck collided with a pick-up truck that pulled out from the City Limits bar.

Carolyn Davis, a reserve deputy with the Coffee County Sheriff's Department and licensed nurse practitioner, stated that she came to the accident scene as a citizen. She said that she observed that the Defendant had blood on his head and other injuries. She testified that she called the Coffee County Communications Center and asked them to dispatch the appropriate emergency personnel to the scene. Davis said that the Defendant was upset, red-faced, and verbally abusive. Davis further testified that the Defendant smelled of alcohol, in particular beer, but she did not find any beer in his car. Finally, Davis testified that, when the ambulance arrived, she stepped back and allowed the paramedics to treat the Defendant.

Devin DeFord, a Manchester police officer, also noted that the Defendant smelled of alcohol and was cursing, angry, and red-faced. He testified that, as he came to the accident scene, several people were attending to the Defendant. He observed that the Defendant became belligerent in the ambulance and cursed at the paramedics and others. DeFord asked the Defendant to submit to a blood alcohol test, but the Defendant refused to sign the consent form and refused to submit to the test.

Jesse Fuller, a paramedic who attended to the Defendant, also observed that the Defendant smelled of alcohol, exhibited angry behavior, and was verbally upset. He testified that he asked the Defendant "whether he had anything to drink," and the Defendant replied "yes, too many." Fuller said that the Defendant had a copper penny in his mouth, and he saw the Defendant spit out the penny. When asked his lay opinion as to why the Defendant would have a copper penny in his mouth, Fuller explained that a theory exists whereby an intoxicated person can "fool" a Breathalyzer test by placing a copper penny in his mouth prior to taking the test. Fuller also stated that he thought that he was going to have to call law enforcement for help because the Defendant was so angry and verbally abusive.

Carol Hadden, a hospital records administrator, testified that the Defendant asked that his records not be released to anyone. Sue Richardson, a nurse who treated the Defendant at the hospital emergency room identified records that documented the Defendant's medical treatment and explained that these records showed that the Defendant was in a car accident, and the hospital had kept the records as a result of the Defendant's medical treatment. Richardson testified that the Defendant initially refused to have his blood drawn, but, after speaking with his treating physician, Dr. Chang, the Defendant agreed to have his blood drawn. Richardson said that Dr. Chang signed the "ER Lab Request Form," which authorized the drawing and testing of the Defendant's blood, and she showed the jury Dr. Chang's signature on the form.

Kathy Guess, a medical lab technician, testified that she tested the Defendant's blood. She said that she went to school for two years to become a medical lab technician and that she frequently took blood samples. Guess testified that she received a request form, initialed by Richardson, requesting that Guess draw and test a sample of the Defendant's blood. She explained that the blood test was conducted with an automated machine and that the machine is tested daily for accuracy and is calibrated for control.

The Defendant objected to any testimony regarding his blood alcohol content test being entered into evidence because the State did not call Dr. Chang as a witness to testify that he had authorized the testing of the Defendant's blood. The trial court overruled the Defendant's objection and allowed a printout of the blood test results to be introduced into evidence. After looking at the test results, Guess testified that the blood test revealed that the Defendant had an ETOH (ethyl alcohol) level of 260.1. Guess testified that an ETOH level of 260.1 was equivalent to a BAC (blood alcohol content) level of .26.

The State rested, and the Defendant offered no proof. The jury returned a verdict of guilty of DUI. After a subsequent sentencing hearing at which the parties stipulated that the DUI was the third such offense for the Defendant, the Defendant was sentenced to 11 months and 29 days.

## II. Analysis

On appeal, the Defendant contends that: (1) the evidence is insufficient to sustain his conviction; and (2) the trial court erred when it admitted the results his blood alcohol content test into evidence.

## A. Blood Test

The Defendant contends that the trial court erred by allowing into evidence the results of his blood alcohol test because the proof fails to establish that his blood was drawn pursuant to a medical request. The State counters that the trial court properly admitted the results of the Defendant's blood alcohol content test into evidence. As a general matter, we note that "[t]he admissibility of evidence is generally within the broad discretion of the trial court . . . [and that] absent an abuse of that discretion, the trial court's decision will not be reversed." State v. Thomas, 158 S.W.3d 361, 401 (Tenn. 2005). The trial court, as the trier of fact, is able to assess the credibility of the witnesses, determine the weight and value to be afforded the evidence and resolve any conflicts in the evidence. State v. Carter, 160 S.W.3d 526, 531 (Tenn. 2005). "An appellate court should find an abuse of discretion when it appears that the trial court applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining." State v. James, 81 S.W.3d 750, 760 (Tenn. 2002) (quoting State v. Stevens, 78 S.W.3d 817, 832 (Tenn. 2002)). We, therefore, must review this matter under an abuse of discretion standard.

The admissibility of blood test results is not precluded when the blood is drawn for medical rather than law enforcement purposes. State v. Goldston, 29 S.W.3d 537, 540 (Tenn. Crim. App. 1999). In Goldston, this Court determined that records concerning blood test results performed after the defendant's motor vehicle accident were properly admitted in a DUI prosecution. Id. In the case under submission, the Defendant attempts to distinguish Goldston on the basis that, in Goldston, a physician testified that the defendant's blood alcohol content test was ordered as part of an initial examination, and no such testimony was provided in the case at bar. However, evidence of a physician's order requesting that the Defendant be given a blood alcohol content test is in the record of this case. Guess testified that she conducted the Defendant's blood test pursuant to a physician's

order and that Dr. Chang authorized the drawing and testing of the Defendant's blood by signing an ER Lab Request Form. We conclude sufficient evidence was presented at trial to show that the Defendant's blood was drawn by medical personnel in order to provide him with medical care, and thus the results of the blood test are admissible. Further, even if the trial court erred when admitting the test results into evidence, such error is harmless because the record contains other, independent evidence sufficient to sustain the Defendant's conviction.

### B. Sufficiency of the Evidence

The Defendant alleges that there is insufficient evidence in the record to support his DUI conviction. When an accused challenges the sufficiency of the evidence, this Court's standard of review is whether, after considering the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); State v. Goodwin, 143 S.W.3d 771, 775 (Tenn. 2004) (citing State v. Reid, 91 S.W.3d 247, 276 (Tenn. 2002)). This rule applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. State v. Pendergrass,13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999).

In determining the sufficiency of the evidence, this Court should not re-weigh or re-evaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Nor may this Court substitute its inferences for those drawn by the trier of fact from the evidence. State v. Buggs, 995 S.W.2d 102, 105 (Tenn. 1999); Liakas v. State, 286 S.W.2d 856, 859 (Tenn. 1956). Questions concerning the credibility of the witnesses, the weight and value of the evidence, and all factual issues raised by the evidence are resolved by the trier of fact. Liakas, 286 S.W.2d at 859. "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Our supreme court stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

Bolin v. State, 405 S.W.2d 768, 771 (1966) (citing Caroll v. State, 370 S.W.2d 523 (1963)). This Court must afford the State of Tennessee the strongest legitimate view of the evidence contained in the record, as well as all reasonable inferences which may be drawn from the evidence. Goodwin, 143 S.W.3d at 775 (citing State v. Smith, 24 S.W.3d 274, 279 (Tenn. 2000)). Because a verdict of guilt against a defendant removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. Id.; see State v. Carruthers, 35 S.W.3d 516, 557-58 (Tenn.

2000).

Under Tennessee law, to support a conviction for DUI, the State is required to prove, beyond a reasonable doubt, that the Defendant was driving or "in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state, or on any streets or alleys . . . while . . . . Under the influence of any intoxicant . . . ." Tenn.Code Ann. § 55-10-401(a)(1) (2004); State v. Butler, 108 S.W.3d 845 (Tenn. 2003). DUI per se is established when the State proves beyond a reasonable doubt that the Defendant was driving or "in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state, or on any streets or alleys . . . while . . . . The alcohol concentration in such person's blood or breath is eight-hundredths of one percent (.08 %) or more." Tenn. Code Ann. § 55-10-401(a)(2). A criminal offense may be established exclusively by circumstantial evidence. State v. Raines, 882 S.W.2d 376, 380 (Tenn. Crim. App. 1994) (citing State v. Hailey, 658 S.W.2d 547, 552 (Tenn. Crim. App. 1983)). However, before an accused can be convicted of a criminal offense based on circumstantial evidence alone, the facts and circumstances "must be so strong and cogent as to exclude every other reasonable hypothesis save the guilt of the defendant . . . ." Id. (citing State v. Crawford, 470 S.W.2d 610, 612 (Tenn. 1971)). In other words, "[a] web of guilt must be woven around the defendant from which he cannot escape and from which facts and circumstances the jury could draw no other reasonable inference save the guilt of the defendant beyond a reasonable doubt." Id. (citing Crawford, 470 S.W.2d at 613). We note that this Court has often found that an arresting officer's testimony alone is sufficient to support a defendant's conviction for DUI. See, e.g., State v. Vasser, 870 S.W.2d 543, 544 (Tenn. Crim. App. 1993).

In the case under submission, we conclude that sufficient evidence was presented to support the jury's verdict. Elements one and two, that the Defendant was driving a motor vehicle, and on a public road, are uncontroverted. The Defendant contends that there was insufficient evidence presented to prove element three, that he was under the influence of an intoxicant. We disagree. The evidence was undisputed that, after exiting a bar, the Defendant pulled out in front of a truck causing an accident, and three witnesses observed that the Defendant smelled of alcohol and was red-faced, upset, and verbally abusive. The evidence also established that the Defendant, when asked "whether he had anything to drink," replied "yes, too many." This evidence alone is sufficient to sustain the Defendant's conviction. The trial court, however, additionally properly admitted the results from the Defendant's blood alcohol content test that showed that the Defendant's blood alcohol level was .26, which is well above the legal limit. Therefore, the Defendant is not entitled to relief on this issue.

### III. Conclusion

In accordance with the foregoing, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE