IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 3, 2012

# IN RE: JACOB R.R., BRADY E.R., and KACEY C.R.

**Appeal from the Juvenile Court for Cumberland County**
**No. 2011-JV-1953   Hon. Larry M. Warner, Judge**

**No. E2011-02093-COA-R3-PT-FILED-MAY 21, 2012**

The Department of Children's Services filed a Petition *inter alia*, to terminate the mother's parental rights to her three minor children. Following trial on the issues, the Trial Court ruled there were several statutory grounds for terminating the mother's parental rights, including that the mother had failed to substantially comply with the permanency plan requirements, and abandonment of the children. The Court also determined that the evidence established that it was in the best interest of the children to terminate the mother's parental rights. The mother has appealed and we affirm the Judgment of the Trial Court and remand.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Juvenile Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Matthew Edwards, Crossville, Tennessee, for the appellant, F.E.R.

Robert E. Cooper, Jr., Attorney General and Reporter, and Alexander S. Rieger, Assistant Attorney General, Nashville, Tennessee, for the appellee, State of Tennessee, Department of Children's Services.

**OPINION**

The Tennessee Department of Children's Services (DCS) petitioned to terminate the parental rights of F.E.R. and H.E.R, mother and father respectively of Ramos, Brady, Blake,

and Kacey, in the Juvenile Court for Cumberland County, Tennessee, on March 18, 2011.[1] A trial was conducted before the Juvenile Court on August 11, 2011, and in a "Final Decree of Guardianship" the Court terminated the parental rights of both parents. The mother filed a Notice of Appeal, and the father was served by summons, and, when he failed to respond, by publication he did not appear, nor has he appealed the final judgment terminating his parental rights. This appeal deals with the mother's appeal.

In the Final Decree, the Court said there was clear and convincing evidence to support the petition to terminate parental rights and that DCS had made reasonable efforts to assist the respondents in visiting the children, establishing a suitable home for the children, complying with the permanency plans and remedying the conditions that necessitated foster care. The Trial Court found that the mother willfully failed to support the children for four months immediately preceding the filing of the petition to terminate parental rights and that she had not contributed to the support of the children from at least April 14, 2010. The Court found the mother was able bodied and capable of working and supporting the children but made no attempt, nor did she offer a justifiable excuse for failing to support the children.

The Court went on to state that for a period of four months following the removal of the children from the parent, DCS made reasonable efforts to assist the mother to establish a suitable home for the children, but she had made no reasonable efforts in that regard. Further, that she demonstrated a lack of concern for the children to a degree that it appeared unlikely that she would be able to provide a suitable home for the children at an early date. The Court detailed the mother's lack of reasonable efforts, including not making necessary efforts to keep her children safe by choosing men as companions who physically abused the children, inappropriate discipline of the children, abuse of drugs and failure to work. The Court concluded the mother had abandoned her children. Tenn. Code Ann. § 36-1-113(g)(1) and Tenn. Code Ann. § 36-1-102(1)(A)(I).

The Trial Court also found the mother had not substantially complied with the provisions of the permanency plans and, accordingly, her parental rights would be terminated pursuant to Tenn. Code Ann. § 36-1-113(g)(2). The Court concluded that DCS had proven by clear and convincing evidence that the termination of parental rights was in the best interest of the children based upon his thirteen findings of fact.

The mother has appealed and raised these issues:

1.      Did the Trial Court err in finding by clear and convincing evidence that

---

[1] F.E.R. was referred to at trial and in the documents produced as exhibits at trial as F.E. Because the lawsuit and appeal refer to her as F.E.R., she will be referred to herein as mother.

grounds for termination of the parental rights of the mother were established?

2.        Did the Trial Court err in finding that the mother had failed to substantially comply with the permanency plan requirements?

3.        Did the Trial Court err in finding that the mother had failed to remedy the persistent conditions in her life that prevented reunification with the children?

4.        Did the Trial Court err in finding that the mother had abandoned her children by failing to support them?

5.        Did the Trial Court err in finding that the mother had abandoned her children by failing to establish a suitable home for them?

6.        Did the Trial Court err in finding by clear and convincing evidence that termination of the parental rights of the mother was in the best interest of the children?

Parties seeking to terminate parental rights must prove two elements. First, they have the burden of proving that there exists a statutory ground for termination. *In re Adoption of A.M.H.* 215 S.W.3d 793, 808 - 809 (Tenn. 2007), *rehrg. den., cert. den.* 551 U. S.1146 (2007)(citing Tenn. Code Ann. § 36-1-113(c)(1) (2005); *Jones v. Garrett,* 92 S.W.3d 835, 838 (Tenn. 2002)). Second, they must prove that termination of parental rights is in the child's best interest. *A.M.H.* at 809 (citing Tenn. Code Ann. § 36-1-113(c)(2)(2005); *In re F.R.R., III,* 193 S.W.3d 528, 530 (Tenn. 2006)). Both of these elements must be established by clear and convincing evidence. *A.M.H.* at 809 (citing Tenn. Code Ann. § 36-1-113(c)(1) (2005); *In re Valentine,* 79 S.W.3d 539, 546 (Tenn.2002)).

On appeal, the Trial Court's findings of fact are reviewed *de novo* upon the record accompanied by a presumption of correctness unless the preponderance of the evidence is otherwise. *A.M.H.* at 809 (citing Tenn. R. App. P. 13(d); *In re F.R.R.,* 193 S.W.3d 528, 530)). We review credibility determinations made by the Trial Court with great deference, *Keaton v. Hancock County Bd. of Educ.,* 119 S.W.3d 218, 223 (Tenn. Ct. App. 2003), and we will not re-evaluate the Trial Court's assessment of a witness's credibility absent clear and convincing evidence to the contrary. *Hopper v. Moling*, No. W2004-02410-COA-R3-CV, 2005 WL 2077650 at *7, (Tenn. Ct. App. Aug. 26, 2005). Questions of law, however, are reviewed *de novo* with no presumption of correctness. *Langschmidt v. Langschmidt,* 81 S.W.3d 741, 744-45 (Tenn. 2002).

Any one of the nine statutory grounds for termination of parental rights listed in Tenn. Code Ann. § 36-1-113(g) is sufficient to support an order terminating parental rights where termination is in the best interests of the child. *In Re Audrey S. and Victoria L.* 182 S. W. 3d 838, 865 (Tenn. Ct. App. 2005)(citing *In re D. L. B.,* 118 S.W.3d 360, 367 (Tenn. 2003); *In re C. W. W.,* 37 S.W.3d 467,473 (Tenn. Ct. App. 2000)).

This Court may terminate parental rights upon finding clear and convincing evidence that a parent is not in "substantial noncompliance" with the statement of responsibilities in a permanency plan or a plan of care made pursuant to the provisions of Tenn. Code Ann. § 37-2-403. Tenn. Code Ann. § 36-1-113(g)(2).

Here, the Trial Court clearly stated that it found the requirements of the permanency plans were reasonable and related to remedying the conditions that necessitated the children being placed in foster care. The Trial Court properly determined that the mother failed to comply with the reasonable requirements of the permanency plans. The permanency plans required the mother to submit to a clinical parenting assessment, follow all recommendations from the assessment, submit to random drug screen, test negative on those screens for any illicit or non-prescribed drugs, attend an alcohol and drug treatment program, cooperate with homemaker services, refrain from associating with or allowing the children to be around individuals who are abusive or abuse drugs and alcohol, obtain and maintain safe and stable housing, maintain and provide proof of legal income sufficient to provide for the children, pay support in accordance with the child support guidelines and complete a psychological evaluation.

The record established the mother failed to comply with the permanency plans' requirements in substantial ways. She refused to complete an alcohol and drug treatment program, based on her belief she did not have a drug or alcohol problem. She continued her relationship with a man, though he abused her and the children by hitting them with belts and other objects. Moreover, he tested positive for drugs the one time DCS was able to screen him. Her association with this individual was also in violation of the permanency plans' requirement that she establish and maintain a safe and stable home, as allowing a person in the home who beat the children and put them in great danger. The mother herself tested positive for marijuana and two other drugs while the children were making a home visit, thus she did not comply with the permanency's plan that she test negative to drug screens.

Sadly, despite huge efforts by DCS to provide services to the mother that would enable her to correct the very issues that caused the removal of the children from her custody,

the mother was not able to rectify the problems or gain the necessary parenting skills. The Trial Court did not err when it held the mother's parental rights should be terminated based upon her failure to substantially comply with the reasonable requirements of the permanency plan.

As we stated, the proving of one statutory ground is sufficient and we pretermit discussion of the mother's challenge to the other statutory grounds found for termination. However, the evidentiary record fully supports termination on those grounds as well.

Finally, the mother challenges the Court's finding that it is in the best interest of the children to terminate her parental rights. The Court, in making this determination must consider, but is not limited to the following factors:

(1) Whether the parent or guardian has made such an adjustment of circumstance, conduct, or conditions as to make it safe and in the child's best interest to be in the home of the parent or guardian;

(2) Whether the parent or guardian has failed to effect a lasting adjustment after reasonable efforts by available social services agencies for such duration of time that lasting adjustment does not reasonably appear possible;

(3) Whether the parent or guardian has maintained regular visitation or other contact with the child;

(4) Whether a meaningful relationship has otherwise been established between the parent or guardian and the child;

(5) The effect a change of caretakers and physical environment is likely to have on the child's emotional, psychological and medical condition;

(6) Whether the parent or guardian, or other person residing with the parent or guardian, has shown brutality, physical, sexual, emotional or psychological abuse, or neglect toward the child, or another child or adult in the family or household;

(7) Whether the physical environment of the parent's or guardian's home is healthy and safe, whether there is criminal activity in the home, or whether there is such use of alcohol or controlled substances as may render the parent or guardian consistently unable to care for the child in a safe and stable manner;

(8) Whether the parent's or guardian's mental and/or emotional status would be detrimental to the child or prevent the parent or guardian from effectively providing safe and stable care and supervision for the child; or

(9) Whether the parent or guardian has paid child support consistent with the child support guidelines promulgated by the department pursuant to § 36-5-101.

Tenn. Code Ann. § 36-1-113(I).

The Trial Court stated: the mother had not made an "adjustment of circumstances, conduct or conditions" to make a safe and "in the children's best interest to be in the home of the parent"; the mother had failed to effect a lasting adjustment after reasonable efforts of DCS for such duration of time that lasting adjustment does not reasonably appear possible. The Court also found the physical environment of the mother's home was unhealthy and/or unsafe for the children, and the mother's use of controlled substances renders her unable to care for the children in a safe and stable manner. The Court found the mother's mental and/or emotional status would be detrimental to the children and/or prevent her from effectively providing safe and stable care and supervision for the children. Moreover, the mother had not paid child support. The evidence clearly supports the findings of the Trial Court that it is in the best interest of the children to terminate the mother's parental rights.

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to the mother, F.E.R.

_____
HERSCHEL PICKENS FRANKS, P.J.