IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 8, 2003 Session

## SUSAN LOUISE CRONIN-WRIGHT v. WALTER CURTIS WRIGHT, JR.

**Appeal from the Circuit Court for Knox County**
**No. 86985      Bill Swann, Judge**

**FILED MAY 30, 2003**

**No. E2002-01786-COA-R3-CV**

This is a divorce case. Susan Louise Cronin-Wright ("Wife") filed a motion for partial summary judgment, asking the trial court to hold that Walter Curtis Wright, Jr. ("Husband"), "has no equitable interest in the marital residence and never contributed to [its] acquisition, preservation, or enhancement." The trial court granted the motion. Husband appeals, contending that the residence is a marital asset of which he is entitled to an equitable share. We affirm.

**Tenn. R. Civ. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Ricky A. W. Curtis, Knoxville, Tennessee, for the appellant, Walter Curtis Wright, Jr.

John K. Harber, Knoxville, Tennessee, for the appellee, Susan Louise Cronin-Wright.

**OPINION**

I.

The parties in this case reached a settlement as to all issues, save one – their interest in the marital residence. As previously noted, this issue was presented to the trial court for resolution by way of Wife's motion for partial summary judgment. When the court granted the motion, it stated the rationale for its holding:

> . . . the question is not did the wife intend a gift but did they act in
> such a way within this marriage such that an equitable interest of the
> husband arises in the property. And the answer to that is no. The
> husband has no equitable interest in this marital residence and did not
> materially contribute to its acquisition, preservation or enhancement.

On this appeal, Husband contends that the trial court applied "the wrong standard in determining that [he] had no interest in the [marital residence]." Husband also argues that the court erred in holding that he has no equitable interest in this property. He seeks an equitable share of the equity in this piece of property.

II.

Husband argues that the facts before the trial court do not demonstrate that Wife is entitled to the relief requested in her partial summary judgment motion, *i.e.*, 100% of the equity in the marital residence. *See* Tenn. R. Civ. P. 56.04. *See also **Byrd v. Hall***, 847 S.W.2d 208, 215 (Tenn. 1993). Our review is *de novo* with no presumption of correctness. ***Cowden v. Sovran Bank/Central South***, 816 S.W.2d 741, 744 (Tenn. 1991). "[W]e must make a fresh determination concerning whether or not the requirements of Tenn. R. Civ. P. 56 have been met." ***Id***.

III.

The facts are these. The parties were married in Florida on July 2, 2000. On July 31, 2000, Wife sold her residence in that state. Wife had owned this property prior to the marriage. Title was in her individual name.

Following the sale of the Florida property, the parties and Wife's child by an earlier marriage moved to Knoxville. Husband paid none of the parties' moving expenses.

On September 15, 2000, the parties purchased what was to become the marital residence in Tennessee. Using money derived from the sale of her Florida property, Wife made the down payment of $70,000 on the Knoxville property. Husband did not make a monetary contribution to the down payment. The marital residence was titled in the parties' joint names. Their marriage in Tennessee was of short duration. Wife filed for divorce on December 1, 2000. Husband was last in the house on December 9, 2000. While the parties were living in Tennessee, Husband was physically present in the marital residence for 31 overnights.

During the approximately three months of the parties' time "together" in Tennessee, Husband made one mortgage payment and paid one utility bill. All of the other mortgage and utility payments were made by Wife.

IV.

Husband contends that the marital residence is marital property. He argues that when Wife used what was admittedly separate property, *i.e.*, the proceeds from the sale of the property owned by her individually before the marriage, to purchase a residence that was titled in the parties' joint names, transmutation of separate property into marital property occurred. He relies upon a number of appellate court decisions, particularly the recent Supreme Court decision of ***Langschmidt v. Langschmidt***, 81 S.W.3d 741, (Tenn. 2002). In ***Langschmidt***, the High Court noted that

transmutation takes place when the parties treat separate property in a way so as to reflect an intention that it become marital property. *Id*. at 747.

With all due respect to Husband, we do not believe that whether transmutation occurred in this case is the real issue before us. Wife concedes in her brief, and conceded at oral argument, that her intention, at the time the marital residence was purchased, was that her separate property of $70,000 would be converted into marital property. Therefore, we start from the premise that the issue before the trial court was one of equitable distribution and not whether the marital residence was separate property or marital property. In other words, the issue before the trial court and now before us is not one of classification but rather one of equitable distribution.

V.

The rules governing an equitable distribution of marital property often have been quoted in appellate court decisions and are well-established in Tennessee law. The court's division of marital property must be equitable in light of and upon consideration of the factors set forth in Tenn. Code Ann. § 36-4-121(c)(1) – (11). Equitable, in this context, does not necessarily mean equal. ***Word v. Word***, 937 S.W.2d 931, 933 (Tenn. Ct. App. 1996). Furthermore, equity is not achieved by some mechanical application of the aforesaid statutory factors; rather, it is to be accomplished by considering and weighing the most relevant of those factors in light of the facts of a given case. ***Batson v. Batson***, 769 S.W.2d 849, 859 (Tenn. Ct. App. 1988).

Duration of the marriage is a factor specifically mentioned in the statute. *See* Tenn. Code Ann. § 36-4-121(c)(1). In the ***Batson*** case, the Court expounded on the proper approach in a marriage of short duration:

> Tenn. Code Ann. § 36-4-121(c)(1) permits trial courts to consider the duration of the marriage. In cases involving a marriage of relatively short duration, it is appropriate to divide the property in a way that, as nearly as possible, places the parties in the same position they would have been in had the marriage never taken place.
>
> When relatively short marriages are involved, each spouse's contributions to the accumulation of assets during the marriage is an important factor. When a marriage is short, the significance in value of the spouse's non-monetary contributions is diminished, . . .

***Batson***, 769 S.W.2d at 859 (citations omitted).

VI.

In the instant case, all of the equities weigh in favor of Wife. This is an unusually short marriage by anyone's standard. Wife contributed $70,000 of her separate property to the down

-3-

payment on the marital residence; Husband contributed nothing. After the property was acquired, Husband made *one* mortgage payment and *one* utility payment. This contribution pales in comparison to that of Wife's. Husband's contribution is *de minimis* in nature. The only real claim that Husband has to a share of this marital asset is that Wife allowed his name to be placed on the warranty deed along with her own. While this has an important bearing on the classification question – an issue not now before us – it is of no particular significance on the issue of equitable distribution in view of the other undisputed material facts in this case.

Reasonable minds could not differ as to whether Husband is entitled to a share of the equity in the marital residence. *See Byrd*, 847 S.W.2d at 215. It is clear, beyond any doubt, that equity requires that Wife be vested with the full ownership of the marital residence. Although not before us, we note in passing that the parties' agreement that Wife will be responsible for the mortgage indebtedness and hold Husband harmless is the equitable thing to do in this case.

The undisputed material facts demonstrate conclusively that Wife is entitled to judgment in a summary fashion. Accordingly, we find no error in the trial court's judgment.

VII.

The judgment of the trial court is affirmed. Costs on appeal are taxed to Walter Curtis Wright, Jr. This case is remanded for enforcement of the trial court's judgment and collection of costs assessed below, all pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE

-4-