IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 3, 2020

## AMELIA JOHNSON ET AL. v. MILLINGTON MUNICIPAL SCHOOLS

**Appeal from the Circuit Court for Shelby County**
**No. CT-003896-15  Jerry Stokes, Judge**

———————————————————

### No. W2019-01547-COA-R3-CV

———————————————————

Appellants filed suit against Appellee under the Governmental Tort Liability Act, alleging that Appellee breached its duty to protect Appellant/student, who was injured in a fight on school grounds. The trial court held that Appellants failed to meet their burden to show negligence and denied relief. The appellate record contains no transcript or statement of the evidence for our review as required by the Tennessee Rules of Appellate Procedure. Accordingly, we conclude that there was sufficient evidence to support the trial court's findings. Affirmed and remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ANDY D. BENNETT, J., joined.

Amelia Vaughn Johnson, Gemelia Johnson, and Rodneshia Vaughn, Memphis, Tennessee, appellants, pro se.

Edward J. McKenney, Jr., and William J. Wyatt, Memphis, Tennessee, for the appellee, Millington Board of Education.

**OPINION**

**I. Background**

Amelia Vaughn is the mother of Gemelia Johnson and Rodneshia Vaughn (together with Gemelia Johnson and Amelia Vaughn, "Appellants"). During the 2013-2014 school year, Gemelia Johnson was an eighth-grade student at Woodstock Middle

School, where she was on the cheerleading team. During Gemelia's 2013-2014 school year, Woodstock Middle School hosted a sporting event against Millington Middle School, which had a cheerleading team of its own. During the event, two female cheerleaders from Millington Middle School, T'Kya Johnson (no relationship to Gemelia Johnson) and Taylor Ballard, allegedly began to mock the Woodstock cheerleaders and Gemelia in particular. The two girls later made a Facebook post about Gemelia and the cheerleading incident. Gemelia informed her cheerleading coach about the incident.

After the 2013-2014 school year, Gemelia's parents enrolled her as a ninth-grader for the 2014-2015 school year at Millington High School, which is part of Millington Municipal Schools ("Appellee"). On September 22, 2014, Gemelia's sister, Rodneshia Vaughn (a 2014 Millington High School graduate), arrived at Millington High School around 2:00 p.m. to pick Gemelia up from school. Sometime at or around the time Rodneshia arrived at the school, two fights occurred on campus. One of the fights involved Gemelia and several other students. Rodneshia got out of her vehicle and engaged in the fight in aid of her sister. A school law enforcement officer, as well as teachers and others, helped break up the melee. Gemelia suffered a broken nose. After a school officer and school officials took written statements from each of the fight participants, Appellee suspended Gemelia.

On September 15, 2017, Appellants filed suit against Appellee under the Governmental Tort Liability Act, Tenn. Code Ann. §§ 29-20-101, *et seq*. ("GTLA"), alleging negligence. Specifically, Appellants alleged that Appellee breached its duty to supervise students waiting for their rides.

After several delays, the trial court heard the case on July 8 and 9, 2019. Our record includes neither a transcript of the evidence adduced at the hearing, nor a Tennessee Rule of Civil Procedure 24 statement of the evidence. However, in its order, the trial court summarized the testimony as follows:

> Gemelia testified that she was standing outside the school building waiting on her father to pick her up, unaware that Rodneshia was picking her up that day. She testified that the two girls, Taylor Ballard, and T'Kya Johnson, were standing outside the building where "student car riders" are picked up by their parents and love ones. The two girls were in close proximity to her and started "looking at her sideways." Then suddenly and without warning one of the girls, who was standing behind a young man named Devarix Cleaves, swung around the young man and hit Gemelia. Then both T'Kya Johnson and Taylor Ballard, along with Mr. Cleaves, began beating her until Rodneshia Vaughn came to her aid. Gemelia suffered a broken nose from the fight with lingering complications that exist to the date of this trial.
>
> Rodneshia testified that she drove up to pick up Gemelia. She could

not find Gemelia until she got out her vehicle and then saw Gemelia been attacked by two or more people. Rodneshia testified that she tried to break up the fight whereupon one or more of the girls attacked her. Rodneshia suffered arm, shoulder, back and leg/thigh abrasions. She received medical treatment and had to wear a sling as a result of the attack.

Amelia Vaughn is the mother of Gemelia. Amelia testified that she wanted her daughter to attend Millington High. At the beginning of the 2014-15 school year, at Millington, she spoke to a school counselor and informed that counselor that Gemelia had been mocked by T'Kya Johnson and Taylor Ballard when Gemelia was a student at Woodstock School. She testified that the counselor said she would make a note of that information and place it in Gemelia's school records.

Gregory Johnson[, Gemelia's father] testified that whenever he picks up Gemelia from after school, he has observed that school security always seemed lax, with no teachers present on the outside of the school. After he learned that Gemelia had been in a fight, he went to the school and voiced concerns that a male individual may have hit Gemelia during her altercation with the two girls.

Officer Brian Luna testified that he was one of two Shelby County Sheriff deputies who was assigned to Millington High School. He further testified that on September 22, 2014, he was directing traffic when he saw two fights involving four girls. The fights were approximately twenty-five yards from him. He then left from directing traffic and broke up one of the fights, with the help of a school teacher. He later interviewed T'Kya Johnson and Taylor Ballard. That same afternoon he also spoke to Rodneshia Vaughn who told him that Gemelia got out of Rodneshia's vehicle and fought with a girl. Rodneshia said to him that is when she got out of her vehicle to help Gemelia.

Rudolph Ritter, a math teacher at Millington, testified that he was assigned to and was outside of the 100 Hallway Building. The 100 Hallway Building is the building near the semicircle drive where students are picked up by parents and love ones. On September 22, 2014, immediately after school, Mr. Ritter went to his watch station and observed a young lady get out of her vehicle, run-up to a young girl nearly ten feet from him and struck her. Rodneshia looked like the young, lady who he saw exit her vehicle and struck this other girl. He and other teachers broke up that fight. Then he saw another fight occurring as well.

On September 22, 2014, at the end of the school day, Millington math teacher, Sarah Garner, was assigned to watch students exit the 100 Hallway Building. She saw a girl run up and hit another girl. She then saw math teacher Ritter running to break up that fight. She yelled for the girls to stop fighting. She remembered taking one of the girls to her classroom. On September 22, 2014, Sarah Beth Hale was the assistant principal at

Millington. She testified that on that day she was outside the entrance to the school where she saw Gemelia get into a white sports utility vehicle mere minutes before the fights in question occurred. After the two fights were broken up, Gemelia was taken to the school office. There, Gemelia informed Ms. Hale that she got out of the vehicle because a girl was using profanity toward her. Gemelia further told Ms. Hale that she slapped the girl who was directing profanity at her. Ms. Hale later talked to Gemelia's parents about the incident. After everyone was interviewed, Ms. Hale suspended the three female students that were involved in the fight. Gemelia's parents seemed more concerned about what actions, if any, would be taken against Devarix Cleaves, who they believed hit Gemelia.

On July 29, 2019, the trial court entered its Order of Judgment with Findings of Fact and Conclusions of Law, wherein it held that Appellants failed to meet their burden to show that Appellee was negligent. Appellant's appeal.

## II. Issue

The sole issue for review is whether the evidence preponderates against the trial court's findings of fact and conclusions of law.

## III. Standard of Review

This case was tried by the court sitting without a jury. As such, we review the trial court's findings of fact *de novo* on the record of the trial court, accompanied by a presumption of the correctness of these findings, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Langschmidt v. Langschmidt*, 81 S.W.3d 741, 744 (Tenn.2002). With respect to the trial court's conclusions of law, however, our review is *de novo* with no presumption of correctness. *Ganzevoort v. Russell*, 949 S.W.2d 293, 296 (Tenn. 1997); *Broadbent v. Broadbent*, 211 S.W.3d 216, 219-20 (Tenn.2006).

## IV. Analysis

As set out in its order, the trial court made the following findings of fact and conclusions of law:

### FINDINGS OF FACT

After listening to all of the evidence as well as weighing the evidence, the Court finds Gemelia Johnson was involved in a mocking event with Taylor Ballard and T'Kya while Gemelia was an eighth-grade student at Woodstock Middle School. Gemelia told her Woodstock coach about the mocking incident. Gemelia was later the subject of a Facebook

post by one of the girls regarding the mocking event. When Gemelia enrolled at Millington High School, she learned that these same two girls attended Millington High as well. While at the Millington school, these girls displayed unpleasant looks when they saw Gemelia. However, no words were ever exchanged between Gemelia and the other two girls.

On September 22, 2014, a fight occurred when Rodneshia drove her vehicle to pick up Gemelia. After Rodneshia picked up Gemelia, Gemelia received expletives from either T'Kya Johnson or Taylor Ballard. After being the victim of such expletives, Gemelia exited Rodneshia's vehicle and physically confronted one or both of the girls. A fight ensued with both girls, which prompted Rodneshia to get out of the driver's side of her vehicle in order to help Gemelia. Rodneshia then became physically engaged with one or both girls who were fighting Gemelia.

The Court finds that Plaintiff has not established by a preponderance of the evidence that Defendant Millington was on notice of any antagonism between Gemelia and the two other girls. Amelia Johnson's meeting with a school counselor to discuss Gemelia's prior encounter with the two girls was simply not supported by the evidence. There was no name associated with the counselor, nor was there any written record that the information Amelia gave this counselor was ever memorialized in Gemelia's school records. Ms. Hale affirms that if such information was presented to the counselor, the counselor would be obligated to forward it to her. If such was presented to Ms. Hale, that information would be taken very seriously and would be investigated. Such information was never recorded in order to be forwarded to her.

In addition, the Court finds that after school ended on September 22, 2014, there were teachers outside of the school building watching for the students. In addition, on September 22, 2014, Sheriff Deputy Brian Luna was outside of the school on the day in question directing traffic when he observed two fights around twenty-five feet from him. Also, Officer Luna was unequivocal that Rodneshia, a student he knew from the prior school year, informed him that Gemelia got out of Rodneshia's vehicle and fought with a girl.

The Court further finds that no male individual was involved in either fight with the four females. In addition, all of the females were charged with a criminal offense. Also, neither the parents of Gemelia nor Rodneshia ever challenged or denied the statements (until they testified in this trial) that were attributed to Gemelia and Rodneshia after the fight. Further, there was at least one eyewitness who saw Rodneshia leave her vehicle to fight with one of the two girls.

It must be noted that the Court finds that Ms. Hale was clearly impeached on cross-examination about the color and type of Rodneshia's vehicle. Ms. Hale was further impeached when she testified that Rodneshia

- 5 -

tried to get back in her vehicle to drive away after the fights. Absolutely no one else testified to that, as all participants were taken into the school building and held in custody immediately after the fight. Despite the impeachment on those points, Ms. Hale was unwaveringly clear that she saw Gemelia getting in a vehicle mere minutes prior to the fight. Ms. Hale was also clear that Gemelia informed her that she (Gemelia) got out of a vehicle and slapped one of the girls who cursed at her. Further on the same or next day, Ms. Hale made a report of the incident, including what Gemelia stated to her.

CONCLUSIONS OF LAW

This Court hereby rules that Millington had no actual or constructive notice of any impending animosity between Gemelia Johnson and Taylor Ballard and T'Kya Johnson such that preventive measures could have been taken by the Millington School officials in time to stop a likely physical confrontation between them. The Court further rules that on September 22, 2014, the fight occurred while teachers as well as one Shelby County Sheriff's deputy, were in close proximity to the semi-circle driveway when Rodneshia's vehicle entered onto the school property. The fight occurred organically before any school personnel had time to anticipate it or to prevent it. Plaintiffs presented credible evidence during their case-in-chief. However, the Court rules that later the defense presented proof that was equal to the Plaintiffs' proof. Therefore, this Court rules that Plaintiffs did not carry their burden of proof by a preponderance of evidence that Defendant had notice of animosity between students and failed to take appropriate security measures to prevent foreseeable harm to Gemelia Johnson and Rodneshia Vaughn. Therefore, this Court finds in favor of Defendant.

Appellants have asked this Court to review the foregoing findings of fact and conclusions of law against the evidence presented at the hearing. However, as noted above, there is no transcript or statement of the evidence in the appellate record.

Rule 24 of the Tennessee Rules of Appellate Procedure outlines the requirements concerning both content and preparation of the appellate record, to wit:

(a) The record on appeal shall consist of: (1) copies, certified by the clerk of the trial court, of all papers filed in the trial court except as hereafter provided; (2) the original of any exhibits filed in the trial court; (3) the transcript or statement of the evidence or proceedings, which shall clearly indicate and identify any exhibits offered in evidence and whether received or rejected. . . .

- 6 -

* * *

(b) . . .the appellant shall have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues on appeal.

If no transcript is available, Tennessee Rule of Appellate Procedure 24 provides that "the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(c). The responsibility for the preparation of the transcript or a statement of evidence is on the parties, and the appellant has the primary burden to ensure that a proper record is prepared and filed in this Court. Tenn. R. App. P. 24; *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989).

While we are cognizant that Appellants are proceeding *pro se* in this appeal, it is well-settled that "*pro se* litigants are held to the same procedural and substantive standards to which lawyers must adhere*." Brown v. Christian Bros. University*, No. W2012-01336-COA-R3-CV, 2013 WL 3982137, at *3 (Tenn. Ct. App. Aug. 5, 2013), *perm. app. denied* (Tenn. Jan. 15, 2014). While a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, *Hodges v. Tenn. Att'y Gen*., 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000), "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." *Whitaker v. Whirlpool Corp*., 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). The burden is on the Appellant to show that the evidence preponderates against the judgment of the trial court. *Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992) (citing *Capital City Bank v. Baker*, 442 S.W.2d 259, 266 (Tenn. Ct. App. 1969)). "The burden is likewise on the appellant to provide the Court with a transcript of the evidence or a statement of the evidence from which this Court can determine if the evidence does preponderate for or against the findings of the trial court." *Id.*

Although the resolution of the issue presented rests largely on the relevant facts of this case, the appellate record contains neither a transcript of the hearing nor a statement of the evidence pursuant to Tennessee Rule of Appellate Procedure 24(c). In the absence of any record of the proceedings, this Court cannot make a meaningful review of the issue. This Court has cautioned that where the issues on appeal turn on factual determinations, the absence of a transcript or statement of the evidence is essentially fatal to the party having the burden on appeal. It is well settled that, in the absence of a transcript or statement of the evidence, this Court must presume that there was sufficient evidence before the trial court to support its judgment. *PNC Multifamily Capital Inst. Fund XXVI Ltd. P'ship v. Mabry*, 402 S.W.3d 654, 661 (Tenn. Ct. App. 2012), *perm.*

*app. denied* (Tenn. Apr. 10, 2013); ***Outdoor Management LLC v. Thomas***, 249 S.W.3d 368, 377 (Tenn. Ct. App. 2007); and ***Baugh v. Moore***, No. M2013-02224-COA-R3-CV, 2015 WL 832589, at \*3 (Tenn. Ct. App. Feb. 25, 2015). Without a transcript or statement of the evidence, we have no way to determine whether the evidence was sufficient to support the trial court's findings of fact and its conclusions of law based on those facts. In other words, our ability to address the issue presented by Appellants in this appeal "is severely hampered if not eliminated by the absence of transcripts of the hearing or the trial, or any statement of the evidence prepared in accordance with Tenn. R. App. P. 24(c)." ***Rowe v. Rowe***, No. E2005-01023-COA-R3-CV, 2007 WL 541813, at \*5 (Tenn. Ct. App. Feb. 22, 2007). Because there is no transcript or Rule 24 statement of the evidence, the facts found by the trial court are conclusive on appeal.

## V. Conclusion

For the foregoing reasons, we affirm the judgment of the trial court. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellants, Amelia Vaughn Johnson, Gemelia Johnson, and Rodneshia Vaughn, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE