IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 4, 2024

## ROGER GLEN VINCENT v. DEBORAH LYNN VINCENT

**Appeal from the Robertson County Circuit Court
No. 74CC1-2021-123      Adrienne Gilliam Fry, Judge**

_____

### No. M2023-01116-COA-R3-CV

_____

In this divorce action, the wife contends that the trial court inequitably divided the parties' marital estate. The trial court awarded the husband the divorce on the ground of irreconcilable differences, classified the parties' assets as separate or marital, and then divided the parties' marital estate. The court also determined that an award of alimony to the wife was not appropriate and further denied the wife's motion for civil contempt. This appeal by the wife followed. Due to the wife's failure to file a table that lists "all properties and debts considered by the trial court, including: (1) all separate property, (2) all marital property, and (3) all separate and marital debts," as required by Court of Appeals Rule 7, along with other deficiencies in the wife's brief, we conclude that she has waived her issues on appeal. Accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and JOHN W. MCCLARTY, J., joined.

Robert L. Sirianni, Jr., Winter Park, Florida, for the appellant, Deborah Lynn Vincent.

Adam Alexander Zanetis, Franklin, Tennessee, for the appellee, Roger Glen Vincent.

### OPINION

#### FACTS AND PROCEDURAL HISTORY

Roger Glen Vincent ("Husband") and Deborah Lynn Vincent ("Wife") were married in October 2010 and have no children together. At the time this case came on for trial in 2023, Husband was 68 years old, Wife was 58 years old, and the parties had been separated for approximately two years.

- 1 -

Husband was unemployed when the parties first met, and Wife claims to have supported him financially for a period of three years, from 2008 to 2011. In 2011, Husband obtained employment as a port captain. But he retired in December of 2022 due to, *inter alia*, his health.[1] The record is silent regarding Wife's employment.

On May 19, 2021, Husband filed a complaint for divorce against Wife in the Circuit Court for Robertson County based on the ground that Wife was guilty of inappropriate marital conduct or, in the alternative, that the parties had irreconcilable differences.

In October 2021, Wife filed an answer in which she denied that she was guilty of inappropriate marital conduct. She further filed a counter-complaint asserting grounds of irreconcilable differences and inappropriate marital conduct by Husband.

In January 2023, Wife filed a motion for civil and criminal contempt against Husband. In her motion for civil contempt, Wife claimed that Husband had violated Tennessee Code Annotated § 36-4-106(d)(1)[2] by voluntarily retiring after filing his complaint for divorce and allowing his medical insurance to lapse without "provid[ing] [her] with COBRA or separation benefits to continue insurance/benefit coverage." The contempt issues were briefly heard by the trial court on February 23, 2023. However, the court found that it would be more appropriate to address the issues of contempt at trial.

The trial court conducted a final hearing on this matter on May 15, 2023, during which Husband and Wife testified. After the trial, Husband filed a Rule 52.02 motion requesting additional findings of fact and conclusions of law, contending that the trial court

---

[1] Husband suffers from seizures and tremors. Wife also suffers from numerous chronic illnesses, including, but not limited to, psoriasis, lupus, ankylosing spondylitis, radiculopathy, and fibromyalgia.

[2] Tennessee Code Annotated § 36-4-106 states, in pertinent part, as follows:

(d)(1) Upon the filing of a petition for divorce or legal separation, and upon personal service of the complaint and summons on the respondent or upon waiver and acceptance of service by the respondent, the following temporary injunctions shall be in effect against both parties until the final decree of divorce[:]

.    .    .    .

(B) An injunction restraining and enjoining both parties from voluntarily canceling, modifying, terminating, assigning, or allowing to lapse for nonpayment of premiums, any insurance policy, including, but not limited to, life, health, disability, homeowners, renters, and automobile, where such insurance policy provides coverage to either of the parties or the children, or that names either of the parties or the children as beneficiaries without the consent of the other party or an order of the court.

had failed to make findings regarding Wife's contempt motion and that it had failed to specifically divide three of the parties' financial accounts. Upon hearing the motion, the court entered an order finding that a Zoom conference would be held "to address additional findings of fact and conclusions of law pertaining to the equitable division and request for a finding of civil contempt" and that Wife should remove her personal items from the marital residence within seven days of June 6, 2023.

After holding this additional conference, the trial court entered the final decree of divorce on July 20, 2023, setting forth its findings of fact and conclusions of law in a nine-page order. The court granted the parties a divorce on the ground of irreconcilable differences, finding that "this is not a fault case where one party is more at fault than the other." With regard to the relative incomes of the parties, the court found that "both parties are similarly situated." The court imputed income of "$3,133.32 per month" to Husband and found that Wife's income was "$1,548.90 [per month] from social security with a net of $1,384.00 after Medicare is deducted" along with "$50.50 from another account."

The court classified Husband's two annuities as his separate property, and it classified Wife's Walmart stock and personal vehicle as her separate property. The court also awarded "each party their pre-marital personal property as separate property, including but not limited to Wife's items, such as her love seat, chair, tennis bracelet, jewelry, and her prior Husband's ashes." The court stated that Wife was to receive these items if they were in the marital home. The court also awarded Husband "the items he listed as what he would like to be awarded in his pre-trial brief, specifically: any pre-marital personal property, his hunting gear, firearms, tools, clothing, collector cards, clock, yeti cooler and employment gifts, as well as any family heirlooms." The court found that there were no joint debts, other than those identified in the order, and it held that each party would "be responsible for their own separate debts."

The court then divided the parties' marital estate. After considering the factors in Tennessee Code Annotated § 36-4-121(c), the court awarded Husband the marital residence but instructed him to refinance the home and remove Wife's name from the mortgage and deed so that Husband would own the home free and clear of any interest of Wife. Husband was also awarded "the 2011 Ford F-150, the 2007 Harley Davidson, the 2006 Jeep Liberty, and the Honda ATV," along with "the Husqvarna Zero Turn lawnmower."

The court awarded Wife her accounts as allocated in Husband's proposed division of assets and debts, along with the brokerage and IRA accounts held in her name. The court further found that Wife would receive $40,000 of Husband's money market account, with Husband receiving the remainder, and that Husband's 401(k) account would be divided equally between the parties. Wife was also awarded the 48-inch Husqvarna lawnmower. The court also instructed the parties to sell their "pontoon and Haulmark trailer and divide the proceeds equally."

Regarding Wife's request for alimony,[3] the court considered the alimony factors in Tennessee Code Annotated § 36-5-121(i) along with the relative earning capacity of the parties and Husband's income and expense statement, and it concluded that an award of alimony was not appropriate in this case. The court further denied Wife's petition for civil contempt, finding that there was insufficient evidence to support a finding of civil contempt against Husband.

This appeal by Wife followed.

## ISSUES

Wife raises three issues on appeal, which we rephrase as follows:

I.   Whether the trial court failed to properly classify and equitably divide marital debt between the parties.

II.  Whether the trial court failed to equitably divide Husband's life insurance policies.

III. Whether the trial court failed to properly divide Wife's separate property.

Husband presents one additional issue, restated here as: Whether Husband is entitled to his attorney's fees and costs incurred in defending this appeal.

## STANDARD OF REVIEW

In cases involving the classification and distribution of assets incident to a divorce, our Supreme Court has found the proper standard of review to be as follows:

> This Court gives great weight to the decisions of the trial court in dividing marital assets and "we are disinclined to disturb the trial court's decision unless the distribution lacks proper evidentiary support or results in some error of law or misapplication of statutory requirements and procedures." *Herrera v. Herrera*, 944 S.W.2d 379, 389 (Tenn. Ct. App. 1996). As such, when dealing with the trial court's findings of fact, we review the record de novo with a presumption of correctness, and we must honor those findings unless there is evidence which preponderates to the contrary. Tenn. R. App. P. 13(d); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). Because trial courts are in a far better position than this Court to

---

[3] Significantly, Wife did not submit an income and expense statement for the trial court to consider in awarding alimony.

observe the demeanor of the witnesses, the weight, faith, and credit to be given witnesses' testimony lies in the first instance with the trial court. *Roberts v. Roberts*, 827 S.W.2d 788, 795 (Tenn. Ct. App. 1991). Consequently, where issues of credibility and weight of testimony are involved, this Court will accord considerable deference to the trial court's factual findings. *In re M.L.P.*, 228 S.W.3d 139, 143 (Tenn. Ct. App. 2007) (citing *Seals v. England/Corsair Upholstery Mfg. Co.*, 984 S.W.2d 912, 915 (Tenn. 1999)). The trial court's conclusions of law, however, are accorded no presumption of correctness. *Langschmidt v. Langschmidt*, 81 S.W.3d 741, 744–45 (Tenn. 2002).

*Keyt v. Keyt*, 244 S.W.3d 321, 327 (Tenn. 2007).

### ANALYSIS

### I. DIVISION OF THE MARITAL ESTATE

Wife contends that the trial court erred in its division of the parties' marital estate. Specifically, she argues that the court failed to allocate a purported marital debt, which she claims to have incurred while financially supporting Husband from 2008 to 2011. She also claims that she "has evidence to support that at least 20,000 dollars of [Husband's] Prudent[ial] Life Insurance Policy was paid for maritally" and that she should have been awarded the funds from this account. Wife also contends that she has been unable to collect certain personal items from Husband that the court classified as her separate property.

When a party challenges "the classification of property or debt or with the manner in which the trial court divided or allocated the marital property or debt," Rule 7 of this court requires "the brief of the party raising the issue" to include, either in the body of the brief or as an appendix, a table that lists "all properties and debts considered by the trial court, including: (1) all separate property, (2) all marital property, and (3) all separate and marital debts." Tenn. Ct. App. R. 7.

Failure to comply with Rule 7 constitutes a waiver of all such issues relating to the Rule's requirements. *Blount v. Blount*, No. E2017-00243-COA-R3-CV, 2018 WL 1433198, at *3 (Tenn. Ct. App. Mar. 22, 2018) (citations omitted). "This Court is under no duty to search a trial court record in order to discern the valuation of the couple's property." *Kirby v. Kirby*, No. M2015-01408-COA-R3-CV, 2016 WL 4045035, at *7 (Tenn. Ct. App. July 25, 2016) (citing *Harden v. Harden*, No. M2009-01302-COA-R3-CV, 2010 WL 2612688, at *8 (Tenn. Ct. App. June 30, 2010)).

Here, Wife failed to include a Rule 7 table in her appellate brief. Accordingly, Wife has waived her right to challenge the trial court's distribution of the parties' marital estate.

Furthermore, Wife's brief is deficient in citing the record. Wife's brief includes some factual citations, but they are of little value in aiding this court in addressing the issues on appeal. It is well established that failure to make appropriate references to the record and to cite relevant authority in the argument section of a brief as required by Tennessee Rule of Appellate Procedure Rule 27(a)(7) constitutes waiver of the issue. *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000) (citations omitted); *see also* Tenn. Ct. App. R. 6(b) ("No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.").

Because of the profound deficiencies in Wife's brief, we conclude that she has waived her issues on appeal.

## II.     ATTORNEY'S FEES ON APPEAL

Husband requests an award for his attorney's fees incurred in defending this appeal pursuant to Tennessee Code Annotated § 36-5-103(c). With regard to the applicability of § 36-5-103(c), Husband contends that, although Wife did not "specifically state that her request of this Court is to overturn the trial court's denial of alimony," she did "request that Husband reimburse her an opaque amount of money for debts allegedly paid by Wife." Husband further contends that Wife is "requesting an award of the Husband's Prudential Life Insurance Policy, even though she was awarded no alimony that would need to be secured by a life insurance policy." Husband thus argues that, if he prevails on appeal, he should be awarded his appellate attorney's fees under Tennessee Code Annotated § 36-5-103(c).

Tennessee Code Annotated § 36-5-103 provides that a prevailing party in any "proceeding to enforce, alter, change, or modify any decree of **alimony**, child support, or provision of a permanent parenting plan order" may, in the court's discretion, recover attorney's fees on appeal from the non-prevailing party. *Cela v. Cela*, No. M2019-01861-COA-R3-CV, 2021 WL 3240238, at *11 (Tenn. Ct. App. July 30, 2021) (emphasis added) (citing *Eberbach v. Eberbach*, 535 S.W.3d 467, 475 (Tenn. 2017)).

We conclude that § 36-5-103(c) is not applicable in the instant case. As previously mentioned, the trial court found that an award of alimony to Wife was not appropriate. Wife does not contest this finding on appeal. Because this is not a "proceeding to enforce, alter, change, or modify a[] decree of alimony," we lack authority to award Husband his appellate attorney's fees under Tennessee Code Annotated § 36-5-103(c). *See Parker v. Parker*, No. E2022-00720-COA-R3-CV, 2023 WL 6639003, at *8 (Tenn. Ct. App. Oct. 12, 2023) ("Tennessee Code Annotated § 36-5-103(c) provides for attorney's fees **solely** in matters involving alimony, child support, permanent parenting plan provisions, and custody of children." (emphasis added)).

## IN CONCLUSION

For the reasons stated above, we affirm the trial court's ruling in all respects. Costs of appeal are assessed against the appellant, Deborah Lynn Vincent.

_____
FRANK G. CLEMENT JR., P.J., M.S.